Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001046
24-DEC-2015
08:37 AM

NO. CAAP-14-0001046

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
LEWIS DANIEL KENDALL, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DCC-14-0003244)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Fujise, J., with
Ginoza, J., concurring and dissenting separately)

Defendant-Appellant Lewis Daniel Kendall (Kendall), *pro se*, appeals from the July 9, 2014 Judgment entered by the District Court of the First Circuit, Honolulu Division (District Court).[1]

Kendall was convicted of Criminal Littering, in violation of Hawaii Revised Statutes (HRS) § 708-829(1).

On appeal, Kendall contends (1) the District Court erred by denying him the opportunity to make a closing argument, (2) the District Court failed to obtain a valid waiver of his right to counsel and (3) HRS § 708-829 does not encompass recreational bird feeding, is unconstitutionally void for vagueness as applied to his case, or should be construed pursuant to the rule of lenity.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to

---

[1] The Honorable T. David Woo presided.

the arguments advanced and the issues raised by the parties, we resolve Kendall's points of error as follows:

The State concedes that the District Court erred by failing to personally colloquy Kendall about his right to an attorney prior to trial and that it erred by refusing to allow Kendall to make a closing argument. However, a confession of error by the prosecution must be confirmed by our independent review of the record and be well-founded in the law and must be properly preserved and prejudicial. State v. Hoang, 93 Hawai'i 333, 336, 3 P.3d 499, 502 (2000), quoting State v. Wasson, 76 Hawai'i 415, 418, 879 P.2d 520, 523 (1994). We agree with the State that Kendall's right to present a closing argument under the Sixth Amendment to the United States Constitution was violated in this case. State v. Herbert, 110 Hawai'i 284, 288, 132 P.3d 852, 856 (App. 2006) (citing Herring v. New York, 422 U.S. 853 (1975)). The District Court denied Kendall's request to make a closing argument and by doing so, the District Court prevented Kendall from making his legal arguments.

We also agree with the State that the District Court failed to ascertain whether Kendall validly waived his right to counsel. "Since the right to counsel is fundamental in our judicial system, where a defendant elects to proceed pro se, the record must indicate that he was offered counsel but that he voluntarily, knowingly, and intelligently rejected the offer and waived that right." State v. Dickson, 4 Haw. App. 614, 619, 673 P.2d 1036, 1041 (1983) (citing Faretta v. California, 422 U.S. 806 (1975)). "Courts will not presume acquiescence in the deprivation of such a fundamental right, nor will waiver be presumed from the echoes of a silent record." Id. "The trial court is initially charged with the function of assuring that the defendant's wavier of counsel is made knowingly and intelligently and that the record is complete so as to reflect that waiver." Id. Structural defects such as lack of defense counsel are never harmless. State v. Suka, 79 Hawai'i 293, 298-99, 901 P.2d 1272, 1277-78 (App. 1995) (overruled in part on other grounds by State v. Holbron, 80 Hawai'i 27, 32, n.12, 904 P.2d 912, 917, n.12 (1995)). The record on appeal does not reflect that Kendall was

informed of his right to counsel or that he knowingly, voluntarily, and intelligently waived that right before proceeding to trial without counsel. Therefore, Kendall's right to counsel was violated.

(3) As to his remaining point of error, although couched in terms of a challenge to the validity of the Criminal Littering statute as applied to his conduct, Kendall also argues that there was insufficient evidence to support his conviction. To prove the offense of Criminal Littering, the prosecution was required to present substantial evidence that Kendall "*knowingly* place[d], thr[ew], or drop[ped] litter on any public or private property[.]" HRS § 708-829(1) (emphasis added). There was undisputed evidence that before a deputy sheriff intervened, the rice and bread Kendall had placed on the ground to feed the birds was being "actively eat[en]" by the birds and was being consumed "almost immediately[.]" We conclude that in this case, the State failed to introduce substantial evidence to prove that Kendall knowingly placed, threw, or dropped litter on the property.

Therefore, IT IS HEREBY ORDERED that the July 9, 2014 Judgment entered by the District Court of the First Circuit, Honolulu Division, is reversed.

DATED: Honolulu, Hawai'i, December 24, 2015.

On the briefs:

Lewis Daniel Kendall,
Defendant-Appellant, *pro se.*

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge